Constance E. SMITH, On Behalf of Herself and Her Minor Children, Angela Levester and Adrian Levester, Plaintiffs,

v.

INDIANAPOLIS PUBLIC SCHOOLS, Defendant.

No. IP95–183C B/S.

United States District Court,
S.D. Indiana
Indianapolis Division.

Nov. 30, 1995.

ENTRY

BARKER, Chief Judge.

Plaintiff Constance E. Smith ("Plaintiff") has brought an Amended Complaint against Indianapolis Public Schools ("Defendant" or "IPS") for its alleged failure to provide Plaintiff's children with a free appropriate public education in violation of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*[1] This matter is currently before the Court on Defendant's motion to dismiss the Amended Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(1), on the grounds that this Court lacks jurisdiction to hear the claim because Plaintiff has failed to exhaust administrative remedies as required by the statute. Defendant also moves to strike evidence submitted by Plaintiff in her response brief to Defendant's motion to dismiss. For the reasons stated below, the Court grants Defendant's motion to dismiss and denies Defendant's motion to strike as moot.

## I. STANDARD OF REVIEW

Where a movant has challenged a district court's subject matter jurisdiction, the party invoking jurisdiction has the burden of establishing that all jurisdictional requirements have been satisfied. *Kontos v. United States Dept. of Labor,* 826 F.2d 573, 576 (7th Cir. 1987); *Marina Entertainment Complex, Inc. v. Hammond Port Authority,* 842 F.Supp. 367, 369 (N.D.Ind.1994). *See also Grafon Corp. v. Hausermann,* 602 F.2d 781, 783 (7th Cir.1979) ("the party invoking jurisdiction has the burden of supporting the allegations of jurisdictional facts by competent proof"). Disputes over material facts will not prevent a court from determining jurisdictional issues. *Marina Entertainment Complex,* 842 F.Supp. at 369. When ruling on a Rule 12(b)(1) motion, a court must accept as true all well-pleaded factual allegations, and draw reasonable inferences in favor of the plaintiff. *Ezekiel v. Michel,* 66 F.3d 894, 897 (7th Cir.1995); *Rueth v. United States Environmental Protection Agency,* 13 F.3d 227, 229 (7th Cir.1993). Nevertheless, a court may

Jay Andrew Harp, Indianapolis, Indiana, for Plaintiff.

Fredrick L. Rice, General Counsel, Indianapolis Public Schools, Indianapolis, Indiana and Thomas E. Wheeler II, Kightlinger & Gray, Indianapolis, Indiana, for Defendant.

---

1. Prior to October 30, 1990, the IDEA was known as the Education of the Handicapped Act ("EHA"), and prior to 1976 the Education of All Handicapped Children Act ("EAHCA").

properly look beyond the jurisdictional allegations of a complaint and view whatever evidence has been submitted on the issue to determine whether subject matter jurisdiction exists. *Ezekiel,* 66 F.3d at 897; *Capitol Leasing Co. v. Federal Deposit Insurance Corp.,* 999 F.2d 188, 191 (7th Cir.1993); *Alliance For Clean Coal v. Bayh,* 888 F.Supp. 924, 929 (S.D.Ind.1995). *See also* 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1350 (2d ed. 1990). Where the movant has challenged the factual allegations of the party invoking the district court's jurisdiction, the invoking party "must submit affidavits and other relevant evidence to resolve the factual dispute regarding the court's jurisdiction." *Kontos,* 826 F.2d at 576.

## II.  STATEMENT OF FACTS

Between August 1991 and August 1993, Plaintiff's children Angela and Adrian Levester were students at Greenbriar Elementary School in the Metropolitan School District of Washington Township ("MSDWT"). (Affidavit of Mary Jo Dare, Director of Special Education for the Board of School Commissioners of the City of Indianapolis, ¶ 3; Exhibit A, 5/21/93 Letter from Marvis W. Fulford) In May 1991 while at Greenbriar, Angela was diagnosed as having a learning disability and was assigned to receive special tutoring called "resource room services" in addition to her regular classes. (Dare Aff., ¶ 4; Exhibit B, MSDWT Referral and Case Conference Report) On May 21, 1993 MSDWT informed Plaintiff that because she and her children did not live within the boundaries of the township, the children were no longer entitled to attend Greenbriar but would have to attend IPS. (Dare Aff., ¶ 3, Exhibit A) Consequently, Plaintiff enrolled Angela in the fifth grade at IPS No. 15 and Adrian in sixth grade at Arlington Woods Middle School. (Dare Aff., Exhibits D–H; Affidavit of Wilma Day, records clerk, Board of School Commissioners of the City of Indianapolis, Exhibit F at p. 4, Exhibit G)

On September 9, 1993 Jean Brown, a Program Support Teacher from IPS No. 15, conducted a case conference committee meeting [2] at Plaintiff's home to develop an individualized educational plan ("IEP") for Angela. (Dare Aff. ¶ 7; Exhibit F, Case Conference Report Form at 1) During the meeting Ms. Brown and Plaintiff agreed that "Angela's least restrictive program is Resource Service." (*Id.* at p. 3) Plaintiff agreed to this proposal. (*Id.,* ¶ 8; Exhibit G, Notice of Placement Proposal (Parent Consent Form)) The following year, on October 18, 1994, Plaintiff participated in a second case conference committee meeting to review Angela's IEP for the 1994–95 school year. (Dare Aff., ¶ 10, Exhibit I, Case Conference Report Form at p. 3) The meeting participants, including Plaintiff, agreed that Angela was continuing to perform below average and should continue to receive resource room help "because CCC feels that Angela needs small group instruction in Reading and Lang. Arts." (*Id.*) On October 20, 1994 Plaintiff signed a document entitled "Case Conference Report Form" in which she acknowledged that "a notice of parent's rights has been explained and offered in writing." (Dare Aff. ¶, Exhibit I, p. 5) A document entitled "Notice of Parents Rights" was given to Plaintiff on October 24, 1994. (Dare Aff. ¶ 11) The notice provides a specific and lengthy discussion of the procedural rights available to parents and guardians under the provisions of the IDEA, its implementing federal regulations, and the applicable state regulations. (Dare Aff., Exhibit J, Notice of Parent Rights) On February 7, 1995 Plaintiff removed Angela and Adrian from Arlington Woods Middle School which school both were then attending. (Day Aff., ¶ 8; Exhibit G, 2/24/95 Letter from Andrew A. Cook) On February 13, 1995 Plaintiff filed a pro-se complaint against IPS. On March 1, 1995, with the aid of counsel, Plaintiff filed her Amended Complaint, which is the subject of the instant motion to dismiss.

**2.** A case conference committee meeting consists of the case conference committee and the parent or guardian. The purpose of the meeting is to interpret data and results from educational evaluation tests of the child, to determine appropriate placement options for the child that provide the least restrictive environment for the child, and to determine necessary related services that the child is to receive. *See* Indiana Administrative Code, title 511, section 7–1–3(f).

Plaintiff alleges several substantive grievances against Defendant[3] in her Amended Complaint. Broadly outlined, these grievances are that IPS teachers and administrators have failed to develop an appropriate IEP for Angela and Adrian pursuant to the IDEA (Amended Complaint ¶ 5(b)); that IPS has failed to maintain a safe environment within its schools (Amended Complaint ¶ 5(d)); and that IPS has failed to maintain order and discipline within its schools (Amended Complaint ¶ 5(e)).[4] Defendant interpreted the Amended Complaint as based partly on a theory of educational malpractice. (Br. In Support Of Mot. To Dismiss at 9–13) Plaintiff makes clear in her response brief, however, that "[a]ll allegations of Plaintiff's amended complaint are directed to the singular claim that the Defendant failed to provide a free appropriate public education as required by the Act." (Pl.'s Br. In Answer To Def.'s Mot. To Dismiss at 6–7) The Court therefore confines its analysis of the Amended Complaint to claims brought under the IDEA.

## III. DISCUSSION

■■■■ Congress enacted the IDEA in order to ensure that all children with disabilities have available to them a free appropriate public education. *See* 20 U.S.C. § 1400. Among other things, the IDEA allows Congress to provide the states with grant funds for use by local and intermediate educational agencies. In order for states to receive federal funding, the states must comply with the statutory minimum educational and administrative standards set forth in the IDEA. Among other things, the states must provide parents or guardians of a disabled child with procedural safeguards with respect to the identification, evaluation, and educational placement of the child and the provision to that child of a free appropriate public education. *See* 20 U.S.C. § 1415(a). These procedural safeguards include a right to notice whenever a local, intermediate, or state educational agency proposes or refuses to propose a change in the child's educational plan and a right to present a complaint with respect to a child's educational plan. *See* 20 U.S.C. § 1415(b)(1). Whenever a complaint has been received pursuant to section 1415(b)(1), the complaining parent or guardian shall have an opportunity for an "impartial due process hearing which shall be conducted by the State educational agency or by the local educational agency or intermediate educational unit, as determined by State law or the State educational agency." *See* 20 U.S.C. § 1415(b)(2). In Indiana the form and procedures governing this federally mandated due process hearing are set out in Indiana Administrative Code, title 511, section 7–1–3(g), which states in part:

* * * The request for a hearing and for the appointment of an independent hearing officer:

(1) shall be in writing;

(2) shall be made of and filed with the local superintendent, with a copy of the written request simultaneously filed with the state superintendent of public instruction; and

(3) shall specifically set forth the reasons for the request.

* * * Upon receipt of such notice, the state superintendent of public instruction shall designate the independent hearing officer in writing, by letter of appointment, providing a copy of same to the parent and the school corporation. * * *

511 IAC 7–1–3(g). Within 15 days of the hearing, the hearing officer must render a written decision in the matter, including find-

---

3. Defendant contends in its Brief In Support Of Motion To Dismiss that "Indianapolis Public Schools" is not a municipal entity with the capacity to sue or be sued and moves, pursuant to Federal Rule of Civil Procedure 12(f), to strike IPS as defendant and to substitute for it the correct legal entity, Board of School Commissioners of the City of Indianapolis. Because the Court determines that it does not have jurisdiction to hear this matter Defendant's motion to strike is moot.

4. Defendant contends that evidence demonstrates that Adrian has never been diagnosed as suffering from a learning disability and therefore that Plaintiff does not have standing to assert on behalf of Adrian any rights under the IDEA or applicable Indiana regulations. (Defendant's Reply Brief In Support Of Motion To Dismiss at 4–7) Because the Court finds that it does not have subject matter jurisdiction over Plaintiff's claim, the Court does not need to resolve this issue.

ings of fact and conclusions of law. *Id.* The written decision is binding on the parties unless an appeal is made to the Board of Special Education Appeals. *Id.*

A district court's jurisdiction over matters arising under the IDEA is limited to cases in which a decision has been rendered following a due process hearing and a parent or guardian either (1) does not have the right of appeal to a state educational agency, or (2) has appealed the initial decision to a state educational agency and remains dissatisfied. *See* 20 U.S.C. § 1415(e)(1) and (2). In other words, section 1415(e) predicates federal jurisdiction to hear an IDEA claim on a parent or guardian first having exhausted his or her administrative remedies under state statutes and regulations. *Family & Children's Center, Inc. v. School City of Mishawaka,* 13 F.3d 1052, 1053 (7th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 420, 130 L.Ed.2d 335 (1994). Because Indiana administrative regulations give a parent or guardian both an opportunity to an impartial due process hearing and a right to appeal the findings and decision rendered in such a hearing to the Board of Special Education Appeals, *see supra,* this Court's jurisdiction to hear Plaintiff's case depends on Plaintiff's first having exhausted these administrative remedies. Plaintiff has conceded that she has not exhausted her administrative remedies but alleges that IPS teachers and administrators have failed to provide her with certain procedural rights under the IDEA and that this failure "has frustrated [her] attempts to resolve her complaint and has made it futile for [her] to pursue an administrative remedy." (Amended Complaint ¶ 5(c))

The Supreme Court and lower courts have excused a plaintiff's failure to exhaust administrative procedures where exhaustion of such remedies would be futile. *Honig v. Doe,* 484 U.S. 305, 327, 108 S.Ct. 592, 606, 98 L.Ed.2d 686 (1988) (EAHCA case). *See also Norris By Norris v. Board of Education of Greenwood Community School Corp.,* 797 F.Supp. 1452, 1467 (S.D.Ind.1992) (citing authority from other circuits). The burden of proving that pursuit of administrative remedies would be futile or inadequate is on the plaintiff. *Honig,* 484

U.S. at 327, 108 S.Ct. at 606. This burden is consistent with the rule that a party seeking to invoke a district court's jurisdiction bears the burden of establishing the basis for the Court's exercise of such jurisdiction. In support of her contention that pursuit of an administrative remedy would have been futile, Plaintiff alleges (1) that she was not fully informed of her rights upon IPS's refusal to initiate an appropriate IEP for her children; (2) that when she filed a complaint, IPS's hearing was untimely; (3) that the hearing was biased; (4) that the hearing was scheduled at a time Plaintiff could not be present; and (5) that IPS did not advise her of her right to appeal its determination. (Amended Complaint ¶ 5)

The evidence that the Court has examined does not support Plaintiff's contention that pursuit of administrative remedies would have been futile. Based on Defendant's evidence, the Court finds that Plaintiff's contention that she was not fully informed of her rights upon IPS's refusal to initiate an appropriate IEP for her children, including her right to seek both a due process hearing and a review of any decision rendered by the hearing, is without merit. As noted above, on October 20, 1994 Plaintiff signed a document entitled "Case Conference Report Form" in which she acknowledged that "a notice of parent's rights has been explained and offered in writing." (Dare Aff. ¶, Exhibit I, p. 5) Furthermore, a document entitled "Notice of Parents Rights" was given to Plaintiff on October 24, 1994. (Dare Aff. ¶ 11) The notice provides a specific and lengthy discussion of the procedural rights available to parents and guardians under the provisions of the IDEA, its implementing federal regulations, and the applicable state regulations. (Dare Aff., Exhibit J, Notice of Parent Rights)

Plaintiff's other basis for alleging futility is that a hearing already conducted by Defendant was untimely, was biased, and was scheduled at a time Plaintiff could not be present. First and foremost, there is no evidence to support Plaintiff's allegation that she participated in or even requested a due process hearing pursuant to Indiana Administrative Code, title 511, section 7-1-3(g),

which is the type of hearing relevant to the question of exhaustion of administrative procedures under the IDEA. In support of her allegation of an inadequate hearing, Plaintiff submits two attachments to her response brief. The first is a copy of an "Indianapolis Public Schools Complaint Form" which Plaintiff appears to have submitted November 23, 1995 and to which she attached a lengthy complaint against specific teachers and staff members. The second attachment is a January 5, 1995 memorandum to Plaintiff from one "Alfred Finnell, Jr., Hearing Officer" on IPS letterhead entitled "Response To Complaint Hearing Held December 8, 1994 At Arlington Woods Middle School." (Pl.'s Brief In Answer To Def.'s Mot. To Dismiss, Attachments) Neither the complaint form nor the memorandum responding to it appear to have any relation to the highly detailed and formal administrative proceedings set out Indiana Administrative Code, title 511, section 7-1-3(g). Therefore, despite Plaintiff's allegations regarding the insufficiency of her "hearing," there is no evidence whatsoever that Plaintiff had any hearing that would be relevant to a determination of futility for purposes of establishing federal jurisdiction.

■ The question remains whether there might be some other basis for a finding of futility. Courts have held the futility exception to apply where the plaintiff alleges a purely legal issue,[5] where the remedy the plaintiff seeks cannot be afforded through the administrative process,[6] or where the administrative process is somehow substantively inadequate because, for example, it would be carried out in an arbitrary or biased manner or would lack the impartiality mandated by the IDEA.[7] The Court finds that Plaintiff has not demonstrated that any of these situations obtains in her case. First, Plaintiff's claim involves a factual determination as distinct from a purely legal issue. Plaintiff makes clear in her response brief that "[a]ll allegations of Plaintiff's amended complaint are directed to the singular claim that the Defendant failed to provide a free appropriate public education as required by the Act." (Pl.'s Br. In Answer To Def.'s Mot. To Dismiss at 6–7) What would be an appropriate education for a disabled child is clearly a factual issue. See *Maldonado v. Benitez*, 874 F.Supp. 491 (D.Puerto Rico 1995) (claim that child's IEP did not provide for least restrictive environment raised factual question). Therefore, Plaintiff's claim is not a purely legal issue that would obviate the need for exhaustion of the administrative process. Second, state educational reviewing agencies are well within their authority to

**5.** See *Lester H. by Octavia P. v. Gilhool*, 916 F.2d 865, 869 (3d Cir.1990), *cert. denied*, 499 U.S. 923, 111 S.Ct. 1317, 113 L.Ed.2d 250 (1991) (exhaustion appropriate where issues involved were purely legal, not factual) (EHA case); *Monahan v. State of Nebraska*, 645 F.2d 592, 597 (8th Cir.1981) (the plaintiff was not required to exhaust administrative remedies when he alleged that the administrative remedies violated federal law) (EAHCA case).

**6.** See *W.B. v. Matula*, 67 F.3d 484, 495–96 (3d Cir.1995) (exhaustion was futile because the plaintiff was seeking damages under section 1983 for a violation of the IDEA, which relief was unavailable in an IDEA administrative proceeding); *Bray by Bray v. Hobart City School Corp.*, 818 F.Supp. 1226, 1232–33 (N.D.Ind. 1993) (exhaustion was futile where plaintiffs were challenging the actions of individual defendants as well as the validity of the application review procedure and hearing officer did not have authority to determine that defendants' conduct violated the IDEA or to order the defendants to conform their actions to the IDEA); *Heldman on Behalf of T.H. v. Sobol*, 962 F.2d 148, 159 (2d Cir.1992) (no exhaustion required where plaintiff alleged that a state regulation that specified procedures by which hearing officers were selected violated the IDEA and neither the administrative commission nor the hearing officer involved had authority to the alter the statutorily proscribed selection procedures, exhaustion of administrative remedies would be futile); *Straube v. Florida Union Free School District*, 778 F.Supp. 774, 779 (S.D.N.Y.1991) (exhaustion excused in IDEA civil action where relief sought, placement in unapproved residential program, unavailable in administrative proceedings); *Crawford v. Pittman*, 708 F.2d 1028, 1033 n. 17 (5th Cir.1983) (plaintiffs were not required to exhaust administrative remedies since the state refused to consider special education programs in excess of 180 days) (EHA case).

**7.** See *Diamond v. McKenzie*, 602 F.Supp. 632, 635–36 (D.D.C.1985) (exhaustion not required where city summarily denied request for placement and funding of handicapped child at Florida residential facility without basing its decision on criteria hearing officer had determined should be used by review board in considering the issue) (EHA case).

grant Plaintiff what she seeks—a free appropriate public education for her children. While Plaintiff also seeks hefty damages that the administrative agencies likely would not have authority to grant, these damages are ancillary to and factually dependent on Plaintiff's principal claim that IPS has not provided her children a free appropriate public education. It would therefore be inappropriate to hear Plaintiff's claims for damages without Plaintiff's having first exhausted the administrative process. Third, there is no evidence that supports any finding that had Plaintiff pursued her administrative remedies, those remedies would have been substantively inadequate. Evidence suggests that Plaintiff would have received all the due process to which she would have been entitled. In August 1993, an IPS Program Support Teacher made numerous attempts to contact Plaintiff to schedule a meeting at which to develop an IPE for Angela. (Dare Aff., ¶ 6; Exhibits D, Record of Attempts to Arrange for Parent Participation in Case Conference; Exhibit E, Notice of Case Conference) After Plaintiff failed to appear for a scheduled September 7, 1993 meeting, the Program Support Teacher conducted the meeting two days later at Plaintiff's home. (*Id.*, ¶ 7; Exhibit F, Case Conference Report Form at 1) As already noted above, Plaintiff was also fully advised of her procedural rights under the IDEA, its implementing federal regulations, and the applicable Indiana regulations. (Dare Aff., ¶ 11, Exhibit J, Notice of Parent Rights) Furthermore, the January 5, 1995 memorandum that Plaintiff attached to her response brief shows more than an adequate solicitude by IPS for her concerns. The memorandum gives an outline of Plaintiff's grievances and provides IPS's response. The memorandum finds that the root of Plaintiff's dissatisfaction with Angela's schooling was a lack of communication between Plaintiff and Angela's teachers. The memorandum concludes that Adrian and Angela Levester should remain at Arlington Woods Middle School and that the children's current curriculum and teaching were appropriate. While Plaintiff may disagree with the findings and determination that IPS reached after considering Plaintiff's complaint, the Court finds nothing in the January memorandum that would support any contention that it would have been futile for Plaintiff to request a due process hearing pursuant to Indiana Administrative Code, title 511, section 71–3(g) prior to bringing suit.

Plaintiff bears the burden of supporting her allegation of futility with factual evidence. Instead, in her response brief to Defendant's motion, Plaintiff merely recites the unsubstantiated allegations she made in her Amended Complaint. The Court finds that Plaintiff has not met her burden.

## IV. MOTION TO STRIKE

Defendant also moves to strike exhibits to Plaintiff's response brief on the grounds that the exhibits are unauthenticated by affidavit or by other means and thus constitute inadmissible hearsay. Because the Court finds that Plaintiff has not met her burden of establishing this Court's jurisdiction, Defendant's motion to strike is moot.

## V. CONCLUSION

In sum, the Court finds that Plaintiff has not offered any evidence that supports her contention that it would have been futile for her to exhaust her administrative procedures. Therefore, the Plaintiff, having failed to exhaust those procedures, cannot satisfy her burden of establishing that this Court has jurisdiction to hear her Amended Complaint under section 1415(e)(1) and (2). Accordingly, the Court grants Defendant's motion to dismiss for lack of subject matter jurisdiction. The Court also denies Defendant's Motion To Strike because it is moot.

It is so ORDERED.