**In the Matter of James and Celeste BROWN, Plaintiffs,**

**v.**

**METROPOLITAN SCHOOL DISTRICT OF LAWRENCE TOWNSHIP, Defendant.**

**No. IP 95–0047–C–H/G.**

United States District Court, S.D. Indiana, Indianapolis Division.

Jan. 23, 1996.

Janice Smith, Indianapolis, IN, for James and Celeste Brown.

Thomas E. Wheeler, II, Kightlinger & Gray, Indianapolis, IN, for Lawrence Township, School Dist.

## *ADOPTION OF MAGISTRATE JUDGE'S REPORT OF JUDGMENT*

HAMILTON, District Judge.

The Magistrate Judge having submitted his Report of Review and Recommendation, which reads as follows:

[H.I.]

and counsel having been afforded due opportunity pursuant to statute and the Rules of this Court to file objections thereto, the Court having considered the Magistrate Judge's Report and any objections thereto, and being duly advised, the Magistrate Judge's Report and Recommendation are hereby approved and adopted by the Court.

IT IS, THEREFORE, CONSIDERED AND ADJUDGED that Defendant's Motion to Dismiss/Motion for Summary Judgment is GRANTED.

IT IS SO ORDERED.

## NOTICE OF FILING OF MAGISTRATE JUDGE'S REPORT OF REVIEW AND RECOMMENDATION, AND PROPOSED ENTRY THEREON

GODICH, United States Magistrate Judge.

You are hereby notified that the undersigned United States Magistrate Judge has this date filed the attached Magistrate Judge's Report of Review and Recommendation with the Honorable David F. Hamilton, United States District Judge, pursuant to the Order of Reference in said case.

Counsel shall have ten (10) days from the date of filing of the Report to file objections thereto. Failure to file objections will result in the waiver of the right to appeal the judgment generally or a waiver of appeal as to specific alleged errors to which objection is not made. *Provident Bank v. Manor Steel Corp.*, 882 F.2d 258 (7th Cir.1989).

DATED THIS 4th day of January, 1996.

## MAGISTRATE JUDGE'S REPORT OF REVIEW AND RECOMMENDATION

This cause comes before the Court on Defendant's Motion to Dismiss/Motion for Summary Judgment, Plaintiffs' Answer thereto, and Defendant's Reply Brief to Plaintiffs' Answer. Having considered the foregoing and being duly advised, the Court hereby recommends that Defendant's Motion be GRANTED.

### I. *Background*

Construing the pleadings and motions in the light most favorable to Plaintiffs, the facts of this case are as follows:

On September 19, 1994, while on a field trip with her fourth grade class, Sarah Brown informed her teacher that she felt ill. Ms. Brown suffers from childhood diabetes (of which her school knew) and her blood sugar tested that morning at a low level of 28 mg/dL. The teacher told Ms. Brown to eat a piece of fruit, which she did. A later blood sugar reading showed that Ms. Brown's blood sugar level had risen to 66 mg/dL.

While on the way back from the field trip, Ms. Brown began filing her fingernails with an instrument which contained a nail file, a bottle opener, and a knife with a one and one-half inch blade. Ms. Brown became upset with two students who had been harassing her during the bus ride and threatened to harm them with the instrument if they did not stop. One student told his mother, an assistant helping on the field trip, about the

incident, and the parent asked for and was given the knife.

The next day, Ms. Brown's principal suspended her for five days with a recommendation of expulsion for "knowingly possessing, handling, or transmitting a knife" at a school activity. Plaintiffs were not notified of Sarah's low blood sugar reading before the incident. At Plaintiffs' request, an expulsion hearing was held on September 17, 1994. Dennis Watts, who was employed by Defendant, served as hearing examiner. Mr. Watts found that Ms. Brown should be expelled until October 31, 1994, under Ind.Code §§ 20–8.1–5–4(b)(1) and 4(b)(6), which provide for expulsion for threatening or intimidating other students and for "knowingly possessing, handling, or transmitting a knife or any other object that can reasonably be considered a weapon" at school, respectively. The school superintendent concurred with this recommendation. School personnel did not notify Mr. Watts about Ms. Brown's record of diabetes or her low blood sugar reading prior to the incident.

Sometime later, Plaintiffs found out about Sarah's low blood sugar before the incident. Plaintiffs then appealed the superintendent's decision to the Board of Education of the Metropolitan School District of Lawrence Township ("the Board"), arguing that Ms. Brown's diabetes had caused her actions. Among the evidence on this claim was a letter from Sarah's endocrinologist, Dr. Meacham, which stated, in pertinent part:

> At times when [Ms. Brown's] blood sugar is low, I would say below 55 mg/dL, she is likely to have some unusual behavior. Her behavior may range from lethargy or sleepiness to belligerent or obtrusive. Additionally, if blood sugars are found to be substantially low; I would say less than 40 mg/dL, a child may actually become unconscious from such a reading.

Administrative Record at 86 ("Admin.R.").

Despite Plaintiffs' claim, the Board upheld the expulsion, finding that Ms. Brown violated her school's code of conduct "by her possession of an object that could reasonably considered a weapon and by her use of that object to intimidate other students." As for the effect of Ms. Brown's diabetes on her actions, the Board found that:

> [t]he evidence does not fully support Sarah's contention that her behavior was caused by her low blood sugar reading. Although the reading had been low prior to Sarah's boarding the school bus, at the time of the incident itself, her reading had risen above the 55 mg/dL level indicated by her doctor as likely to result in unusual behavior.

Defendant's Notice of Removal, exhibit B at 2. The Board also found that a hearing should be held to decide whether Ms. Brown was entitled to protection under the Rehabilitation Act of 1973, 29 U.S.C. § 794. That hearing was held on October 31. On November 21, 1994 plaintiffs filed suit in the Superior Court of Marion County, Indiana, and Defendants subsequently removed the action to this United States District Court.

## II. Discussion

Plaintiffs appear to make five claims in their Complaint and their Preliminary Contentions. Defendant moves for dismissal of two of these claims and for summary judgment on the rest.

■ Plaintiffs' claims arise in part from Defendant's alleged failure to comply with Indiana's pupil discipline statute, Ind.Code § 20–8.1–5–1 et. seq. Since removal of this case, however, the legislature has implemented a new pupil discipline statute, Ind.Code § 20–8.1–5.1–3 et seq. Normally, when the legislature amends a statute during the pendency of a case, the court applies the substantive provisions of the old statute, *Ind. Dept. of Env. Management*, 604 N.E.2d 1199, 1204 (Ind.App.1992), and the procedural provisions of the new statute. *McGill v. Muddy Fork of Silver Creek Watershed Conservancy Dist.*, 175 Ind.App. 48, 370 N.E.2d 365, 370 (1977). But, when "new rights are given or existing rights taken away" by procedural changes, those procedural changes are not applied to pending cases. *Id.*

■ In this case, the new pupil discipline statute replaced the former "arbitrary and capricious" standard of judicial review with a provision that a court's examination of a school board's decision upholding an expul-

sion "is limited to the issue of whether the governing body acted without following the procedure required under this chapter [chapter 5.1]." Ind.Code § 20–8.1–5.1–15. This change takes away plaintiffs' rights by limiting the extent to which this Court may review Defendant's decision. Therefore, the Court applies both the substantive and procedural provisions of (the former) Ind.Code § 20–8.1–5–1 *et seq.* in this case.

### A. The Individuals with Disabilities Act

Plaintiffs' first claim is that Defendant violated the Individuals with Disabilities Act, 20 U.S.C. § 1400, *et seq.* ("IDEA") by failing to identify Ms. Brown as "a child in need of special services." Plaintiffs' Complaint at 7. Defendant argues that this claim should be dismissed for lack of subject matter jurisdiction because Plaintiffs did not exhaust their administrative remedies.

When considering a rule 12(B)(1) motion to dismiss for lack of subject matter jurisdiction, a court "must accept as true all well-pleaded factual allegations, and draw reasonable inferences in favor of the plaintiff." The court "may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Ezekiel v. Michel,* 66 F.3d 894, 897 (7th Cir.1995) (citations omitted). While "exhaustion is a prudential doctrine, not a jurisdictional prerequisite," *Waterman v. Marquette–Alger Intermediate Sch. Dist.,* 739 F.Supp. 361, 366 (W.D.Mich.1990), *but see Parks v. Pavkovic,* 536 F.Supp 296, 302 (N.D.Ill.1982), failure to exhaust administrative remedies may properly be raised in a motion to dismiss for lack of subject matter jurisdiction. *See Norris v. Board of Educ. of Greenwood Community Sch. Corp.,* 797 F.Supp. 1452, 1469 (S.D.Ind. 1992).

Plaintiffs argue that by exhausting their administrative remedies under Ind. Code §§ 20–8.1–5–8 to 12, the expulsion provisions of the pupil discipline statute, they exhausted their administrative remedies for purposes of the IDEA. Plaintiffs' Answer to Motion to Dismiss/Motion for Summary Judgment ("Plaintiffs' Answer") at 2–3.

Plaintiffs argue that this was sufficient because Defendant "determined the administrative remedy path by bringing expulsion charges against [Ms. Brown]." Plaintiffs' Answer at 2–3. Defendant argues that Plaintiffs' exhaustion of their administrative remedies for purposes of the pupil discipline statute did not constitute exhaustion for purposes of the IDEA.

The Court agrees that Plaintiffs did not exhaust their administrative remedies for purposes of the IDEA. A plaintiff cannot raise a violation of the IDEA unless they have requested a due process hearing under Ind.Admin.Code, tit. 511, r. 7–15–5 and exhausted the administrative appeals process provided therein. *Norris, supra.* at 1467–69. Plaintiffs admit that they did not do so. Plaintiffs' Answer at 2–3. As Defendant argues, the process by which one requests an IDEA due process hearing is distinct from the process by which one challenges an expulsion. The fact that Defendant brought expulsion proceedings against Ms. Brown and that Ms. Brown exhausted her administrative remedies thereunder does not excuse Plaintiffs from exhausting their administrative remedies under the IDEA. Thus, because Plaintiffs failed to exhaust their administrative remedies, their claim for a violation of the IDEA must fail for lack of jurisdiction. *Id.*

### B. § 504 of the Rehabilitation Act of 1973

Plaintiffs' second claim is that Defendant violated Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("§ 504") by failing to comply with Ind.Admin.Code, tit. 511, r. 7–15–2, which provides specific procedures which are to be followed when expelling disabled students, when it expelled Ms. Brown. Specifically, Plaintiff alleges that Ms. Brown qualifies as a disabled student because of her diabetes and therefore that she could not be expelled without a prior determination that the actions for which she was being expelled were not causally related to her diabetes. Plaintiffs' Complaint at 6–7.

Defendant argues that Plaintiffs' failure to exhaust their administrative remedies under the IDEA also constituted a failure to ex-

haust remedies under § 504. Defendant's Brief in Support of Motion to Dismiss/Motion for Summary Judgment ("Defendant's Brief in Support") at 15–16, n. 3. Plaintiffs argue, as they did in connection with the IDEA, that by exhausting the administrative remedies available in the expulsion process they exhausted their remedies for purposes of § 504. Plaintiffs' Answer at 2–3.

The Court agrees with Defendant that Plaintiffs failed to exhaust their remedies for purposes of § 504. A plaintiff must exhaust her administrative remedies under the IDEA before she may raise a claim that § 504 was violated. 20 U.S.C. 1415(f); *Carey v. Maine Sch. Admin. Dist. No. 17,* 754 F.Supp. 906, 923 (D.Me.1990); *Waterman v. Marquette–Alger Intermediate Sch. Dist.,* 739 F.Supp. 361, 365 (W.D.Mich.1990); *Davenport v. Rockbridge County Sch. Bd.,* 658 F.Supp. 132, 133 (W.D.Va.1987); *Calhoun v. Illinois State Bd. of Educ.,* 550 F.Supp. 796, 802–803 (N.D.Ill.1982). Thus, because Plaintiffs did not exhaust their administrative remedies available under the IDEA, they may not now raise a claim of a § 504 violation.

Furthermore, Defendant did comply with the provisions of Ind.Admin.Code, tit. 511, r. 7–15–2. While normally a disabled student may not be expelled without a prior determination that the actions for which she is being expelled were not causally related to her disability, Ind.Admin.Code, tit. 511, r. 7–15–2(j), this is not the case if the student was not identified as disabled prior to the events leading to the expulsion. Ind.Admin.Code, tit. 511, r. 7–15–2(o). Plaintiffs have not alleged that Ms. Brown had been identified as disabled before the incident giving rise to her expulsion. Thus, Defendant was not required to consider the effect of Ms. Brown's disability on her actions before expelling her, so Defendant could not have violated § 504 by failing to do so.

## C. Review of the Board's Decision under Ind.Code § 20–8.1–5–11

Plaintiffs next argue that Defendant's upholding of Ms. Brown's expulsion was arbitrary, capricious, without substantial evidence, and unlawful, thus violating Indiana's Pupil Discipline law, Ind.Code § 20–8.1–5–1 et seq. (now Ind.Code § 20–8.1–5.1–3 *et seq.*). Plaintiffs' Complaint at 6. Defendant moves for summary judgment on this claim, arguing that its decision was not arbitrary and capricious but was supported by substantial evidence. Defendant's Brief in Support at 21–25.

When considering a rule 56 motion for summary judgment, a court must view the facts in the light most favorable to the non-moving party and may only grant the motion if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Eversole v. Steele,* 59 F.3d 710, 714 (7th Cir.1995).

■ Plaintiffs first argue that the Board acted arbitrarily and capriciously by expelling Ms. Brown without a prior determination that the actions for which she was being expelled were not causally related to her disability. As noted above, however, under Ind.Admin.Code, tit. 511, r. 7–15–2(o) Defendant was not obligated to make such a determination because Ms. Brown had not previously been identified as disabled. Thus, Defendant did not act arbitrarily and capriciously.

■ Second, Plaintiffs argue that the Board acted arbitrarily capriciously when it found that Ms. Brown's diabetes did not contribute to her aggression toward the other students. Plaintiffs' Answer at 4–5. Specifically, Plaintiffs argue that Dr. Meacham's letter, detailed above, does not support Defendant's finding, stating:

[t]here is nothing in the evidence that states that after a severe drop in the blood sugar level as occurred in this incident, that in the recovery process, once a magic number is reached, everything in the physical body is back to normal. That is the assumption the School wants to make but that is not what the evidence shows. Dr. Meechem's [sic.] letter does not address the effect of behavior during a recovery of blood sugar level.

Plaintiffs' Answer at 4. Defendant argues that its decision was not arbitrary and capricious.

When Defendant expelled Ms. Brown, it was acting as an administrative agency. *Scott County School District 2 v. Dietrich,* 496 N.E.2d 91 (Ind.App.1986). When reviewing the decision of an administrative agency,

> [a court is] bound by the facts as found by the administrative agency and may not reweigh the evidence or judge the credibility of witnesses. Administrative findings of fact will not be reversed unless it conclusively appears the evidence on which the decision was made was devoid of probative value or so proportionately inadequate that the finding could not rest on a rational basis.

*Ind. Dept. of Natural Resources v. Peabody Coal,* 654 N.E.2d 289, 292 (Ind.App.1995) (citations omitted). The Court cannot find that the evidence relied on herein was insufficient to support the Board's ruling. While Plaintiffs may disagree with Defendant's interpretation of Dr. Meacham's letter, that interpretation is not irrational. Thus, Defendants did not act arbitrarily and capriciously by concluding that Ms. Brown's diabetes did not cause her actions.

Furthermore, the Board's decision to uphold Ms. Brown's expulsion was not based solely on the fact that Ms. Brown was aggressive toward other students; it was also based on the fact that Ms. Brown possessed a knife at a school activity. Defendant's Notice of Removal, Exhibit B at 1–2. Plaintiffs admit that Ms. Brown had a knife on the field trip, Plaintiffs' Complaint at 2, and that possession of this knife "may" have constituted a violation of Ind.Code § 20–8.1–5–4(b)(6). Admin.R. at 10. Coupled with the evidence that Ms. Brown's diabetes did not cause her actions, this constitutes sufficient evidence for Defendant to uphold Ms. Brown's expulsion.

### D. Negligence

Plaintiff next claims that Defendant "acted negligently in its failure to identify Sarah Brown as a child with special needs ... and to provide her with the special services to which she is entitled by both state and federal law" Plaintiffs' Complaint at 6. Defendant interprets this claim as a claim of educational malpractice and argues that, as Indiana does not recognize claims for educational malpractice, *Norris v. Board of Educ. of Greenwood Community Sch. Corp.,* 797 F.Supp. 1452, 1463 (S.D.Ind.1992), it is entitled to summary judgment. Defendant's Brief in Support at 17–20.

Plaintiffs, however, assert that "Sarah's claim is not based on 'education malpractice.' Her claim is based on School's duty to protect her physical well being in the absence of her parents while under School's care and control." As Plaintiffs state,

> the issue is that School knew of Sarah's severe diabetic condition, knew that without proper provisions that her condition could be life threatening, and knew it had a duty, as the entity responsible for her safety and well being while under its care and in the absence of parents, to protect her physical well being. School breached that duty by failing to provide notice to parents and failing to establish procedures and provisions to its staff for the protection of Sarah's physical well being.

In order to properly plead a claim of negligence, a plaintiff must plead the existence of a duty, a breach of that duty, and harm to the plaintiff caused by that breach. *Lynch v. Holy Name Church,* 133 Ind.App. 492, 179 N.E.2d 754, 757 (1962). "The absence of any one element renders the complaint insufficient." *Id.* In this case, however, while Plaintiffs have alleged a duty and a breach of that duty, they have not alleged this breach caused Plaintiffs any harm. Absent such an allegation, Plaintiffs' claim of negligence fails and Defendant is entitled to summary judgment.

### E. Due Process

Finally, Plaintiffs challenge the constitutionality of Ind.Code § 20–8.1–5–9(a), which provides that an expulsion hearing examiner:

> shall be any person on the school corporation's administrative staff, or its counsel, provided he (1) has not brought the charges against the student, (2) will not be a witness at the hearing, and (3) has no involvement in the charge.

Plaintiff argues that this provision violates students' due process rights under the 14th amendment to the United States Constitution because "[i]t is impossible for an employee of the very corporation bringing the charges either to hear the matter impartially or to hear the matter without the appearance of partiality." Plaintiffs' Preliminary Contentions at 3. Defendant moves for summary judgment on this claim.

Absent some bias on the part of a decision maker, "the mere fact that the decision maker in a disciplinary hearing is also an administrative officer of the [school] does not in itself violate the dictates of due process." *Winnick v. Manning*, 460 F.2d 545, 548–49 (2nd Cir.1972). Ind.Code § 20–8.1–5–9(a) tries to eliminate bias by prohibiting anyone involved with the charges against a student from serving as the hearing administrator. In light of this, and of the fact that Plaintiffs have not alleged that Mr. Watts, the expulsion hearing examiner, was biased in any way, Plaintiffs' Due Process argument fails as a matter of law.

THEREFORE, Defendant's Motion to Dismiss/Motion for Summary Judgment should be GRANTED.