**L.M., by his parents and next friends, Tom and Kate MAUSER, Plaintiff,**

v.

**BROWNSBURG COMMUNITY SCHOOL CORPORATION, and West Central Joint Services, Defendants.**

**No. IP 98–648–C B/S.**

United States District Court, S.D. Indiana, Indianapolis Division.

Nov. 6, 1998.

Michael S. Reed, Indianapolis, IN, for Plaintiff.

James S. Stephenson, Stephenson Daly Morow & Kurnik, Indianapolis, IN, for Defendants.

### ENTRY GRANTING DEFENDANTS' MOTION TO DISMISS

BARKER, Chief Judge.

The parents of L.M. (Plaintiffs), a disabled student, ask us to review the Indiana Board of Special Education Appeals' (BSEA) decision regarding L.M.'s rights under the Individuals with Disabilities Education Act (IDEA). 20 U.S.C. § 1400 et seq. Brownsburg Community School Corporation and West Central Joint Services (Defendants) move to dismiss, contending that Plaintiffs failed to exhaust their administrative remedies under the IDEA. For the reasons discussed below, Defendants' Motion to Dismiss is *GRANTED.*

### I. STATEMENT OF FACTS

L.M. was diagnosed with a hearing impairment at the age of eighteen months, and soon after began auditory-verbal therapy. (McDowell Aff., Ex. 1, at 2.) In 1993, based upon this disability, the Indiana Department of Education rendered L.M. eligible for special education services under the IDEA. (McDowell Aff., Ex. 1, at 3,4.) Consequently, L.M. was given an Individual Education Plan (IEP) that tailored his education to his special needs. L.M.'s IEP is reviewed annually. (McDowell Aff., Ex. 1, at 4).

In 1996, Plaintiffs disagreed with the teaching methods proposed in the IEP for L.M. and disputed the plan's effectiveness. (McDowell Aff., Ex. 1, at 6.) Before the start of the 1996–97 school year, L.M.'s parents placed him in a private school for the hearing impaired located outside the State of

Indiana.[1] (*Id.*) At the end of the 1996–97 school year, L.M. was diagnosed with additional handicaps, possibly including Attention Deficiency Hyperactivity Disorder. (*Id.*)

In September and October 1997, L.M.'s IEP was again reviewed by a case conference committee.[2] (McDowell Aff., Ex. 1, at 7.) Although his parents agreed with the goals and objectives of the program, they disagreed with L.M.'s placement and proposed methodology in the local special education program. (*Id.*) During the 1997–98 school year, L.M. remained enrolled at the out-of-state private school.[3] (*Id.* at 8.) Subsequently, L.M.'s parents requested review of the proposed 1997–98 IEP by an independent hearing officer. On February 17, 1998, the hearing officer upheld the IEP as free appropriate public education under the IDEA and allotted the cost of L.M.'s out-of-state private schooling to his parents. (McDowell Aff. at 1; McDowell Aff., Ex. 1 at 10–11.) The hearing officer's decision also informed Plaintiffs how they could appeal the decision under the IDEA. (McDowell Aff., Ex. 1 at 12–13.) Certified copies of the decision were received by both parties through counsel on February 18, 1998. (McDowell Aff., Ex. 2 at 3.)

On March 23, 1998, counsel for Plaintiffs filed a petition for review of the hearing officer's decision through the BSEA. Two days later, Defendants filed a Motion to Dismiss Petition for Administrative Review as untimely. Because counsel had received the decision of the hearing officer on February 18, 1998, the thirty day limitation period for seeking administrative review had run on March 20, 1998.[4] *Id.*

On April 7, 1998, the BSEA dismissed Plaintiffs' petition for failure to conform with the timing requirements of Ind.Admin.Code tit. 511, r. 7–15–5(u)(2) and Ind.Admin.Code tit. 511, r. 7–15–6(e)(4). *Id.* Appended to the dismissal was an "Appeal Right" which allows a party to seek judicial review of a BSEA decision within thirty days of the decision. *Id.* at 5. Pursuant to this "Appeal Right," Plaintiffs' counsel filed a "Petition for Judicial Review" of the decision of the hearing officer in Hendricks County Circuit Court on May 4, 1998. Thereafter, Defendants removed the case to this Court, claiming original jurisdiction under 20 U.S.C. § 1400 et seq., the federal statutory authority that implements the IDEA.

On June 30, 1998, Defendants filed a Motion to Dismiss this action, claiming that Plaintiffs failed to exhaust their administrative remedies, warranting dismissal for want of jurisdiction, (*see* Fed.R.Civ.P. 12(b)(1)), and failure to state a claim upon which relief can be granted, (*see* Fed.R.Civ.P. 12(b)(6)). We ordered Plaintiffs to show cause why the motion should not be granted on July 22, 1998, and Plaintiffs responded on August 14, 1998.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits the dismissal of a claim for "failure to state a claim upon which relief may be

1. L.M.'s expenses at this private school were not covered by funding from the State.

2. Ind.Admin.Code tit. 511, r. 7–12–1(e) states that a case conference committee shall generally consist of: a representative of the public agency, one of the student's current teachers, the student's parent, the student, other individuals at the discretion of the parent or agency, at least one member of the original team that evaluated the student, and a representative of a state operated school who can recommend placement options. Other committee members may include a speech pathologist and the school principal. *See* Ind.Admin.Code tit. 511, r. 7–12–1(f).

3. If the student is placed in a private special school upon recommendation of the case conference committee, the State of Indiana and the public school corporation of the student's residence become financially liable for much of the student's educational expenses. Ind.Admin.Code tit. 511, r. 7–12–5. However, in this case, L.M.'s parents placed him at a private school without the recommendation of the case conference committee; therefore, they remain liable for the costs associated with his education. *Id.*

4. Although initially some dispute existed regarding the pertinent dates, the BSEA clarified the timeline of the case in their order dismissing the action. Counsel for Plaintiffs has acknowledged that his filing for review was untimely. (McDowell Aff., Ex. 2, at 3.)

granted."[5] When considering a motion under this rule, the Court must examine the sufficiency of Plaintiffs' complaint, not the merits of the lawsuit. *Triad Assoc. v. Chicago Housing Auth.*, 892 F.2d 583, 585 (7th Cir.1989). Dismissal is appropriate only if it appears to a certainty that Plaintiffs cannot establish any set of facts which would entitle them to the relief sought. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984); *Mosley v. Klincar*, 947 F.2d 1338, 1339 (7th Cir.1991). We accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of Plaintiffs. *Dawson v. General Motors Corp.*, 977 F.2d 369, 372 (7th Cir.1992).

## III. DISCUSSION

The IDEA seeks to assure that all children with disabilities have access to a free appropriate public education. *See* 20 U.S.C. § 1400(c). Within this statutory scheme, "states must provide the parents or guardians of a disabled child procedural safeguards with respect to ... the provision to that child of a free appropriate public education." *Smith*, 916 F.Supp. at 874; *see* 20 U.S.C. § 1415(a). One such safeguard allows a parent or guardian the opportunity to bring forward complaints regarding the "educational placement of the child," 20 U.S.C. § 1415(b)(1)(E), and guarantees the right to an "impartial due process hearing," conducted in accordance with "State law or the State educational agency." 20 U.S.C. § 1415(b)(2).

 In this state, the Indiana Administrative Code sets forth the details of the due process hearing and governs an appeal of a decision reached through this process. *Smith*, 916 F.Supp. at 875; *see also* Ind.Admin.Code tit. 511, r. 7–15–6. One provision

allows the BSEA to dismiss a petition for review if it fails to comply with the timing requirements prescribed. Ind.Admin.Code tit. 511, r. 7–15–6(h). Under Indiana law, a petition for review must be "filed within thirty (30) calendar days of the date the hearing officer's decision is received by the party." Ind.Admin.Code tit. 511, r. 7–15–6(e)(4). Here, Plaintiffs failed to file a petition for review within the timing requirements specified. As a result, it was within the discretion of the BSEA to dismiss the claim, which they did.

 For a federal court to hear claims under the IDEA, the parent or guardian must have first "exhausted [the] administrative remedies [available] under state statutes and regulations." *Smith*, at 876 (citing *Family & Children's Center, Inc. v. School City of Mishawaka*, 13 F.3d 1052, 1053 (7th Cir.), *cert. denied*, 513 U.S. 961, 115 S.Ct. 420, 130 L.Ed.2d 335 (1994)). In Indiana, a prerequisite to filing for judicial review of an administrative agency is to "exhaust[ ] all administrative remedies available" within the purview of procedures set for that state agency concerning administrative decisions and their subsequent review. Ind.Code § 4–21.5–5–4. Also, under the Administrative Adjudication Act, Indiana Courts have held that, "generally, the failure to exhaust administrative remedies waives the right to judicial review." *Rambo v. Cohen*, 587 N.E.2d 140, 143 (Ind.Ct.App.1992). Specifically, "[b]ecause Indiana administrative regulations give a parent or guardian both an opportunity to an impartial due process hearing and a right to appeal the ... decision rendered in such a hearing to the Board of Special Education Appeals, this Court's [ability] to hear Plaintiff's case depends on Plaintiff's first

---

5. This Court has often considered failure to exhaust administrative remedies under a rationale supported by Fed.R.Civ.P. 12(b)(1). *See, e.g.*, *Brown v. Metropolitan Sch. Dist. of Lawrence Township*, 945 F.Supp. 1202, 1206 (S.D.Ind. 1996); *Smith v. Indianapolis Public Schools*, 916 F.Supp. 872, 873 (S.D.Ind.1995); *Norris v. Board of Educ. of Greenwood Community Sch. Corp.*, 797 F.Supp. 1452, 1467–68 (S.D.Ind.1992). However, this district has recognized that " 'exhaustion [of administrative remedies] is a prudential doctrine, not a jurisdictional prerequisite.' " *Brown*, 945 F.Supp. at 1206 (*quoting*

*Waterman v. Marquette–Alger Intermediate Sch. Dist.*, 739 F.Supp. 361, 366 (W.D.Mich.1990)). Recently, the Seventh Circuit expressly separated lack of exhaustion claims from lack of federal subject matter jurisdiction claims. *Charlie F. v. Board of Educ. of Skokie Sch. Dist. 68*, 98 F.3d 989, 992 (7th Cir.1996). Consistent with *Charlie F.*, we will consider the motion to dismiss before us under Fed.R.Civ.P. 12(b)(6). *See Bills By Bills v. Homer Consolidated School Dist. Number 33–C*, 959 F.Supp. 507, 511 n. 3 (N.D.Ill.1997); *Frith v. Galeton Area Sch. Dist.*, 900 F.Supp. 706, 711 (M.D.Pa.1995).

having exhausting these administrative remedies." *Smith,* at 876.

■ The issue before us is whether a dismissal by the BSEA on timeliness grounds is appealable to this Court. Plaintiffs argue that they have a right to appeal under Ind.Admin.Code tit. 511, r. 7–15–6(p), which provides in part: "[a]ny party disagreeing with the decision of the state board of special education appeals may appeal to a civil court with jurisdiction." Plaintiffs, however, misinterpret this statutory language. The "decision" mentioned in section (p) is the result of "an impartial review" that "review[s] the entire record of the due process hearing to ensure the procedures of the hearing were consistent with requirements [under the Indiana Administrative Code]." Ind.Admin.Code tit. 511, r. 7–15–6(n)(1), (k). Here, the BSEA dismissed Plaintiffs' claim on procedural grounds. They did not conduct "an impartial review" of the substance of the case; therefore, the dismissal does not constitute a "decision" appealable "to a civil court with jurisdiction." *See* Ind.Admin.Code tit. 511, r. 7–15–6(p). In this case, Plaintiffs failed to pursue their available administrative remedies under Indiana law when they neglected to appeal to the BSEA in a timely fashion. Accordingly, Plaintiffs have not exhausted their administrative remedies and dismissal under 12(b)(6) is proper.[6]

Relevant case law supports this reading of the statute. Language from the recent case of *Norris v. Board of Educ.of Greenwood Community School Corp.,* 797 F.Supp. 1452 (S.D.Ind.1992), illuminates the requirements of exhausting administrative remedies under Indiana law. There, the plaintiffs attempted to bring an action in federal court without first perfecting an appeal to the BSEA. The court confirmed that seeking review from BSEA is a necessary step before proceeding to federal court under IDEA. 797 F.Supp. 1452, 1467–68. Specifically, "[i]f a party is aggrieved by the hearing officer's findings and decision, then the party cannot bring a federal district court action until the party has appealed to the BSEA. . . . This level of review cannot be sidestepped." *Id.* Finally, unless "a party is 'aggrieved' by a decision of the BSEA," further administrative review is required. *Id.*

Although an appeal was filed with the BSEA in this case, its untimely nature resulted in a review of procedural requirements that did not reach the substance of the hearing officer's decision. A review by the BSEA contemplates a substantive component—evaluating the hearing officer's decision on the merits—that was absent in this case. In particular, the right to review by the BSEA is an "opportunity . . . to appeal the *findings* and *decision* rendered" by the hearing officer. *Smith,* 916 F.Supp. 872, 876; *see* 20 U.S.C. 1415(c) (emphasis added).

In this case, the decision to dismiss by the BSEA looked no further than the dates involved for filing under the Indiana Administrative Code. No review of the hearing officer's findings or decision occurred. Further, attempting to appeal the dismissal in this case sidesteps an essential part of the administrative appeal process established under Indiana and federal law. Because the BSEA decision did not reach the merits of the hearing officer's determination, the dismissal does not amount to a substantive decision that may be reviewed by a federal district court. Accordingly, Defendants' Motion to Dismiss is *GRANTED.*

## IV. CONCLUSION

For all of the foregoing reasons, Defendants' Motion to Dismiss pursuant to Fed.

---

**6.** It should be noted that the dismissal by the BSEA could have been easily prevented. Indiana law governing appeals to the BSEA states that "[s]pecific extensions of time may be requested by any party to the appeal." Ind.Admin.Code tit. 511, r. 7–15–6(j). Plaintiffs had the opportunity, under this statute, to request an extension of time in order to prepare a timely appeal. Instead, they chose to file an untimely appeal and place the dismissal of their action within the discretion of the BSEA. Moreover,

L.M.'s parents are not deprived of a final remedy in this case. Despite this dismissal, Plaintiffs have the right to have L.M.'s Individual Education Plan reviewed annually. 20 U.S.C. § 1414(a)(5), 20 U.S.C. § 1415(b)(2); *Elizabeth K. v. Warrick County School Corp.,* 795 F.Supp. 881, 888 (S.D.Ind.1992). If they remain dissatisfied with the educational plan proposed by the state, they will be able to recommence the process of review through administrative measures to protect the educational interests of their child through substantive review.

R.Civ.P. 12(b)(6) is *GRANTED* because Plaintiffs failed to exhaust their administrative remedies.

It is so ORDERED.